IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEVIN L. COLEMAN, | § | |
| | § | |
| Defendant Below- | § | No. 63, 2018 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1303012706 |
| Plaintiff Below- | § | and 1303004663 (K) |
| Appellee. | § | |

Submitted: March 8, 2018
Decided: May 15, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The defendant-appellant, Devin Coleman, filed this appeal from the Superior Court's denial of his motion for correction of sentence under Superior Court Criminal Rule 35(a).  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Coleman's opening brief that his appeal is without merit.  We agree and affirm.

(2)    The record reflects that Coleman pled guilty in June 2014 to five charges under two separate indictments.  As part of his plea agreement, Coleman acknowledged that he was eligible for sentencing as a habitual offender under 11

*Del. C.* § 4214(a) and agreed to immediate sentencing. The Superior Court sentenced him, effective March 15, 2013, as follow: (i) on one count of Possession of a Firearm by a Person Prohibited ("PFPP"), eight years at Level V incarceration; (ii) on each of two counts of Failing to Obey a Police Signal, two years at Level V incarceration suspended for one year of probation; (iii) on one count of Conspiracy in the Second Degree, two years at Level V incarceration suspended for one year of probation; and (iv) on one count of Reckless Endangering in the Second Degree, one year at Level V incarceration suspended for one year of probation. In exchange for his plea, the State dismissed thirty other charges against Coleman.

(3) Coleman did not file a direct appeal. Instead, he has filed multiple unsuccessful motions seeking postconviction relief under Superior Court Criminal Rule 61 and modification or correction of his sentence under Rule 35. Coleman filed his latest motion for correction of illegal sentence in March 2017, which he supplemented in June 2017. The Superior Court denied relief. This appeal followed.

(4) Coleman raises one argument in his opening brief on appeal. He contends that his eight year, minimum mandatory sentence for PFPP is illegal because the PFPP statute, 11 *Del. C.* § 1448(e)(3), expressly provides that a sentence imposed under that statute is not subject to the enhanced sentencing provisions of 11 *Del. C.* § 4215.

(5)     There is no merit to Coleman's contention.  A sentence is illegal when it exceeds the statutorily authorized limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize.[1]  In his guilty plea agreement, Coleman admitted that he had the requisite number of prior felony convictions to be sentenced as a habitual offender under 11 *Del. C.* § 4214(a).  Under that statute, the Superior Court had discretion to impose a sentence "up to life imprisonment."[2]  The Superior Court sentenced Coleman on his PFPP conviction to an eight year, minimum mandatory term of incarceration under Section 4214(a), not Section 4215.  Coleman's argument on appeal lacks any factual basis.  His sentence is not illegal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[2] 11 *Del. C.* § 4214(a) (2015).

-3-